# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro Camacho-Castillo,<br>    Petitioner,<br>v.<br>A. Dulgov,<br>    Defendant. | No. CV-24-00064-TUC-AMM (JR)<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Petitioner Pedro Camacho-Castillo's ("Petitioner") Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"). (Doc. 1.) Respondent A. Dulgov filed a Return and Answer to Petition For a Writ of Habeas Corpus Under 28 U.SC. § 2241 ("Answer"). (Doc. 8.) Although Petitioner was granted two extensions of time to file a reply brief he did not file a reply brief.

This matter was referred to United States Magistrate Judge Jacqueline Rateau for Report and Recommendation pursuant to Local Rule 72.1 and 72.2 of the Local Rules of Civil Procedure. (Doc. 17.) As more fully set forth below, the undersigned recommends that the district court, after an independent review of the record, dismiss the Petition.

# BACKGROUND[1]

**Factual Background**

Petitioner, housed at the Federal Bureau of Prisons "(Bureau")", Federal Corrections Institution in Safford, Arizona, is currently serving an aggregate 14-year, 5-month, and 27-day term of imprisonment for use of interstate communications to threaten or injure the person of another, use of a communication facility to commit a drug trafficking offense, and conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of federal law. (Doc. 8-1 at p. 3, ¶ 4.) His projected release date from Bureau custody is February 2, 2026. *Id*.

Petitioner's eligibility for First Step Act[2] ("FSA") time credit ("Time Credit") was reviewed on November 12, 2019, and he was deemed eligible to earn FSA Time Credit. *Id*. at ¶ 5. On August 28, 2023, the Department of Homeland Security ("DHS") filed an Immigration Detainer – Notice of Action ("Notice") with FCI Safford. *Id*. at ¶ 6. In the Notice, DHS identified that Petitioner has "[a] final order of removal against the alien" and "[b]iometric confirmation of the alien's identity and a records check of federal databases . . . affirmatively indicate, by themselves or in addition to other reliable information, that the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law[.]" *Id*.

---

[1] Unless otherwise indicated, all factual references are taken from Respondent's Answer.
[2] (Public Law 115-391)

**The Petition and Answer**

Petitioner alleges that the Bureau refuses to apply his earned FSA Time Credit. (Doc. 1 at 6.) He claims that his immigration detainer is not a final deportation or removal order and, therefore, the Bureau must apply his FSA Time Credit. *Id.*

Respondent seeks dismissal of the Petition on three grounds. (Doc. 8 at 4-7.) First, Respondent urges that the district court lacks the authority to compel discretionary Bureau action, such as the application of FSA Time Credit. *Id.* at 4-5. Second, Respondent urges that Petitioner does not have a constitutional right to have his FSA Time Credit applied by the Bureau in a specific manner as he requests. *Id.* at 5-6. Third, Respondent contends that the Petition fails on the merits because Petitioner is not eligible to have his earned FSA Time Credit applied because he is subject to an immigration final order of removal. *Id.* at 7-8.

As more fully set forth below, this Court finds that: (1) Petitioner does not have a liberty interest in the application of his FSA Time Credit towards prerelease custody; (2) to the extent that Petitioner seeks to have the district court compel the Bureau to perform a discretionary function (such as the application of his earned FSA Time Credit), the district court lacks such authority; and (3) the Petition fails on the merits. For these reasons, this Court recommends that the district court dismiss the Petition.

**ANALYSIS**

**The First Step Act Time Credit**

Enacted into law in December 2018, the FSA addresses the reentry of incarcerated individuals into society. *Thigpen v. Heisner*, CV 23-01359-PHX-ROS (CDB), 2024 WL

- 3 -

1705256, at *2 (D. Ariz. Mar. 4, 2024), *report and recommendation adopted*, No. CV-23-01359-PHX-ROS, 2024 WL 1702275 (D. Ariz. Apr. 19, 2024). As part of the FSA, Congress directed the Bureau to implement reentry initiatives, including programming and programming incentives, good-time credit, and compassionate release opportunities. *Id*.

Pursuant to congressional directive, the United States Attorney General is responsible for developing a risk and needs assessment system to appropriately direct programming and programming incentives by "determin[ing] the recidivism risk of each prisoner" and classifying "each prisoner as having minimum, low, medium, or high risk for recidivism." *Id.* (quoting 18 U.S.C. § 3632(a)). "An eligible prisoner can earn 10 days (plus an additional five days if he meets the criteria for minimum or low risk of recidivism) of FSA time credits 'for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.'" *Id.* (quoting 18 U.S.C. § 3632(d)(4)(A); 28 C.F.R. § 523.42(c)).

"Time credits earned under 18 U.S.C. § 3632(d)(4) 'shall be applied toward time in prerelease custody or supervised release'. . ." *Thigpen*, 2024 WL 1705256, at *2 (quoting 18 U.S.C. § 3632(d)(4)(C)). Under 18 U.S.C. § 3624(g), an "eligible prisoner" for the application of Time Credit into prerelease custody or supervised release is defined as one who meets the following four criteria:

(A) the prisoner must have earned FSA Time Credits;

(B) the prisoner must have demonstrated "recidivism risk reduction or has maintained a minimum or low recidivism risk during their term of imprisonment";

(C) the prisoner "has had the remainder of their imposed term of

>    imprisonment computed under applicable law"; and
>
> (D) (i) the prisoner has either (I) "been determined under the System to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner," or (II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden after the warden has determined the prisoner meets certain criteria.

*Thigpen,* 2024 WL 1705256, at *2 (quoting 28 U.S.C. § 3624(g)(A)-(D)(i)) (emphasis omitted).

"A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]" 18 U.S.C. § 3632(d)(4)(E)(i). Federal regulation provides that "[s]ubject to a final order of removal under immigration laws . . . the Bureau may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release." 28 C.F.R. § 523.44(a)(2).

**Petitioner Lacks a Liberty Interest in His FSA Time Credits**

Respondent argues that Petitioner does not have a liberty interest in the application of his FSA Time Credit towards prerelease custody because 18 U.S.C. § 3624(g) gives the Bureau discretion to determine which prerelease custody an "eligible prisoner" will receive. (Doc. 8 at 5-6.) This Court agrees.

When a statute confers discretion on government action, no liberty interest is created. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (recognizing that "[i]f the decisionmaker is not 'required to base its decisions on objective and defined criteria,' but instead 'can deny the requested relief for any constitutionally permissible reason or for no reason at all,' *ibid*., the State has not created a constitutionally protected liberty interest."). Section § 3624(g), Title 28, U.S.C., affords the BOP discretion on whether to place a

prisoner in prerelease custody or onto supervised release. *See* 28 U.S.C. § 3624(g)(3) (stating, *inter alia*, ". . . the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release . . .").

This Court determines that Petitioner does not have a constitutional right to have his earned FSA Time Credit applied in a specific manner, such as requesting that he be granted prerelease custody or home confinement. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 827 (9th Cir. 2002) (noting that relief under § 2241 is not available to challenge purely discretionary decisions), *amended*, 337 F.3d 1023 (9th Cir. 2003).

This determination is in accord with numerous other courts in this district and district courts within the Ninth Circuit that have reached the same conclusion. *See Mars v. Heisner*, No. CV-22-01933-PHX-SPL (JZB), 2023 WL 4977335, at *7 (D. Ariz. June 26, 2023), *report and recommendation adopted*, 2023 WL 4960411 (D. Ariz. Aug. 3, 2023) (holding that "18 U.S.C. § 3624(g) affords the BOP discretion on whether to place [p]etitioner in prerelease custody or onto supervised release" and "[w]hen a statute confers discretion on government action, no liberty interest is created"); *Smallwood v. Thompson*, No. 2:21-CV-0641-JAM-DMC-P, 2021 WL 5112663, at *3 (E.D. Cal. Nov. 3, 2021), *report and recommendation adopted*, 2021 WL 6113789 (E.D. Cal. Dec. 27, 2021) (holding that the petitioner failed to state a claim under § 2241 reasoning that "the denial of early release in the exercise of the BOP's discretion [does] not give rise to the deprivation

of a liberty interest such as would support [the p]etitioner's claim.")

**The District Court Lacks Authority to Compel Discretionary Bureau Action**

Respondent urges that to the extent Petitioner seeks application of his FSA Time Credit he is not entitled to relief because that decision is within the discretion of the Bureau (Doc. 8 at 4-5.) This Court agrees.

Courts in this district have determined that a petitioner seeking judicial application of FSA Time Credit is not entitled to judicial relief because "the challenged decision is committed to the discretion of the BOP." *Thigpen*, 2024 WL 1705256, at *3 (citing *Reeb*, 636 F.3d at 1227). *Thigpen* recognized:

> Whether to permit an inmate to complete the end-phase of their sentence outside of formal prison custody is a matter of discretion left to the BOP. *See Smallwood v. Thompson*, 2021 WL 5112663 (E.D. Cal. Nov. 3, 2021) (finding "whether or not to grant Petitioner early release" pursuant to the FSA is "a matter within the BOP's discretion."). And although application of an inmate's FSA FTCs may effectively move up the date that inmate is eligible to be considered for prerelease custody, application of those FTCs do not compel the BOP to allow that inmate to participate in prerelease custody. *Id*. "District courts interpreting this provision have uniformly held that designation and placement decisions made by the BOP, including whether an inmate is granted home confinement, are not reviewable by the district court." *Arreola v. von Blanckensee*, No. CV-20-00351-TUC-DCB (JR), 2022 WL 18865120, at (D. Ariz. Oct. 3, 2022), *report and recommendation adopted*, No. CV-20-00351-TUC-DCB, 2023 WL 2242853 (D. Ariz. Feb. 27, 2023). *See also Wilcox v. Merlak*, No. 1:19-cv-01410-NONE-SKO (HC), 2020 WL 996630, at *3 (E.D. Cal. Mar. 2, 2020) ("Thus, Petitioner's challenge to the BOP's discretionary decision with respect to whether and when he is eligible for home confinement placement . . . is not reviewable by this Court."); *United States v. Robledo*, No. 18-CR-2190-AJB, 2020 WL 2542641, at *7 (S.D. Cal. May 19, 2020) ("the decision to grant or deny home confinement is within the discretion of BOP and not subject to judicial review.").

*Thigpen*, 2024 WL 1705256, at *3 (quoting *Mars*, 2023 WL 4977335, at *6).

In light of the foregoing, this Court finds that, to the extent Petitioner seeks application of his FSA Time Credit, he is not entitled to relief because that decision is committed to the Bureau's discretion.

**<u>Petitioner's Request for Application of his FCA Time Credit is Meritless</u>**

Finally, Respondent urges that the Petition fails on the merits because Petitioner has a formal order of removal against him and, as a result, he is ineligible to have his FSA Time Credit applied. This Court agrees.

"[I]n the deportation context, a 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)). Expedited removal orders issued by DHS constitute final orders of removal. *Iqbal v. Warden*, No. 1:23-CV-00111-EPG-HC, 2024 WL 1160071, at *3–4 (E.D. Cal. Mar. 18, 2024).

Respondent has established that Petitioner is subject to a final order of removal issued by DHS. (Doc. 8-1 at p. 3, at ¶ 6.) As a result, Petitioner is not an "eligible prisoner." *See* 18 U.S.C. § 3624(g)(1) (defining "eligible prisoner" for the application of FSA Time under the FSA Credit); 18 U.S.C. § 3632(d)(4)(E)(i) (stating "[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws."); 28 C.F.R. § 523.44(a)(2) (stating that, "[s]ubject to a final order of removal under immigration laws . . . the Bureau may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release."); *Iqbal*, 2024 WL 1160071, at *3–4 (removal order issued by DHS pursuant to expedited removal proceedings precluded petitioner from having his FSA time credits applied to his sentence

and denying habeas petition requesting that Bureau apply earned FSA credits because petitioner was under removal notice from DHS). *See also Polanco v. Jenkins*, No. CV 23-01652-FWS (RAO), 2023 WL 4409120, at *1 (C.D. Cal. May 22, 2023) (petitioner under DHS removal notice not eligible to have FSA time credits applied because FSA's "plain language excludes prisoners with a final order of removal from eligibility for FSA relief."), *report and recommendation adopted*, 2023 WL 4406305; *Felix-Felix v. Engleman*, No. CV 23-1722 CJC (PVC), 2023 WL 3903817, at *3 (C.D. Cal. May 11, 2023) ("Because Petitioner is subject to a final order of removal" from DHS, he is categorically ineligible to apply FSA earned time credits), *report and recommendation adopted*, 2023 WL 3901778 (C.D. Cal. Jun. 7, 2023); *Alatorre v. Derr*, No. 22-00516 JMS-WRP, 2023 WL 2599546, at *4 (D. Haw. Mar. 22, 2023) ("[F]ederal prisoners who are 'subject to a final order of removal under any provision of the immigration laws' cannot apply earned time credits.") (quoting 18 U.S.C. § 3632(d)(4)(E)(i)).

Petitioner argues that "[o] February 6, 2023[,] the [Bureau] made change (*sic*) to Program Statement 5410.01, which included explicit removal of any reference to [an] immigration detainer having the effect of rendering inmates ineligible to receive FSA time credits which is consistent with 18 U.S.C. § 3632(d)[4](E)(i) and the courts (*sic*) interpretation of that law." (Doc. 1-1 at 1.) As Petitioner appears to suggest, "[o]fficial BOP policy formerly denied [FSA Time Credit] to prisoners with 'unresolved immigration status,' such as those subject to immigration detainers." *Correa-Gutierrez v. Warden*, No. 2:23-CV-08911-CBM (KES), 2024 WL 1469348, at *3 (C.D. Cal. Feb. 2, 2024), *report and recommendation adopted*, No. 2:23-CV-08911-CBM (KES), 2024 WL 1468321 (C.D.

Cal. Apr. 3, 2024). "However, in February 2023, after multiple district courts found that policy inconsistent with the language of 18 U.S.C. § 3632(d)(4)(E)(i), the BOP changed its policy [and] [c]urrent BOP policy states that prisoners subject to immigration detainers can apply ETCs[3] to their sentence." *Id*. (citations omitted).

Here, as explained above Petitioner is subject to a final order of removal, not a detainer. Under the plain language of 18 U.S.C. § 3632(d)(4)(E)(i), Petitioner is ineligible to have his FSA Time Credit applied because he "is the subject of a final order of removal under any provision of the immigration laws[.]" *See* 18 U.S.C. § 3632(d)(4)(E)(i).

For this same reason, this Court finds that the three cases from the United States District Court for the District of New Jersey that Petitioner relies upon are inapposite. *See Rosales v. Knight*, No. CV 23-357 (KMW) (Doc. 5) (memorandum order denying § 2241 petition as moot where the petitioner, who was subject to an immigration detainer, had received the sought after FSA credits after the change to program statement 5410.01); *Rose v. Warden Fort Dix FCI*, No. CV 23-564 (KMW) (Doc. 12) (memorandum order denying § 2241 petition as moot where the petitioner, who was subject to an immigration detainer, received "at least some FSA credits following a change in [Bureau] policy . . . and was released from Bureau of Prisons custody. . ."); *Smith v. Warden*, *FCI Fort Dix*, No. CV 22-7148 (KMW) (Doc. 5) (memorandum order denying § 2241 petition as moot where petitioner, who was subject to an immigration detainer, "was provided with additional [FSA] credits and was transferred to a halfway house at the end of January 2023."). As

---

[3] Earned time credits under the FSA. *See Correa-Gutierrez*, 2024WL 1469348, at *1.

mentioned above, Petitioner is unlike the petitioners in the cases that he relies upon because he is subject to an immigration final order of removal and not a detainer.

Under the plain language of the FSA and applicable case law from courts within the Ninth Circuit, Petitioner is ineligible to have his FSA Time Credit applied because he is subject to an immigration final order of removal.

### RECOMMENDATION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the district court, after its independent review, enter an order **ADOPTING** this Report and Recommendation in full and **DENYING** the Petition (Doc. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply shall be filed unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). If objections are filed, the parties should use the following case number: **CV-24-64-AMM**.

Dated this 15th day of October, 2024.

*Jacqueline M. Rateau*
Honorable Jacqueline M. Rateau
United States Magistrate Judge